IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ACUITY, a mutual insurance company, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 3:23-CV-00621 |
| vs. ) | |
| ) | |
| DIAMOND D. TRANSPORT, INC., and ) | |
| BRIAN SCOTT ANTHONY, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT DIAMOND D. TRANSPORT, INC.'S
ANSWER & AFFIRMATIVE DEFENSES**

COMES NOW Defendant, Diamond D Transport Inc., by and through counsel, pursuant to Fed. R. Civ. P. 12, and for its Answer & Affirmative Defenses to Plaintiff's Complaint, states as follows:

Introduction

This lawsuit seeks declaratory relief wherein Acuity, the insurer of Defendant, Diamond D. Transport, Inc. ("DDTI"), seeks a determination by this Honorable Court declaring the rights of the parties under a General Liability Policy issued by Acuity to DDTI.  Specifically, Acuity seeks a determination by this Court that Acuity does not owe DDTI a defense and indemnification under the Acuity General Liability Policy arising under a lawsuit pending in the Circuit Court of St. Clair County, Illinois, Cause No. 22LA0960 (the "Underlying Lawsuit").  According to the Complaint filed in the Underlying Lawsuit, Brian Scott Anthony ("Mr. Anthony"), was a truck driver employee of DDTI; and, while he was operating a commercial motor vehicle on behalf of DDTI, he was involved in a vehicular accident and sustained personal injuries as a result.  Mr. Anthony has filed a worker's compensation claim against DDTI seeking benefits arising from

injuries sustained in said vehicular accident and, to date, has recovered $139,736.12 in benefits, Claim No. 19WC026037.

The Underlying Lawsuit asserts that Mr. Anthony now seeks to pursue a products liability against the manufacturer of the truck seat which Mr. Anthony was sitting in at the time of the accident, which Mr. Anthony asserts caused or contributed to causing the personal injuries he sustained.  The basis for Mr. Anthony's Complaint in the Underlying Lawsuit is that DDTI failed to preserve the truck seat following the accident, which Mr. Anthony's asserts has impaired his ability to pursue a products liability claim against the truck seat manufacturer – a spoliation of evidence claim.  However, the Underlying Lawsuit acknowledges that the truck was taken to a repair shop for repairs and Mr. Anthony's counsel made arrangements directly with the repair shop to preserve the truck seat and, in fact, paid consideration to the repair shop to preserve the truck seat.  DDTI has filed a Motion to Dismiss the Underlying Lawsuit (which is presently pending in the State Court), asserting that Mr. Anthony's Complaint fails to state a cause of action, the claim against DDTI is barred by the Illinois Worker's Compensation, and the claim is time-barred under the applicable Illinois statute of limitations.

<u>The Parties</u>

1. DDTI is without sufficient information to admit or deny the allegations set forth in Paragraph (1) of Plaintiff's Complaint and, therefore, denies and demands strict proof of same.

2. Admit.

3. DDTI is without sufficient information to admit or deny the allegations set forth in Paragraph (3) of Plaintiff's Complaint and, therefore, denies and demands strict proof of same.

4.      Paragraph (4) of Plaintiff's Complaint is not directed to DDTI and does not state facts which require a response from DDTI.  Further responding, DDTI believes that Mr. Anthony is a necessary party to this litigation in order to determine the rights of the parties.

### Jurisdiction & Venue

5.      Paragraph (5) of Plaintiff's Complaint states legal conclusions to which no response is required.

6.      Paragraph (6) of Plaintiff's Complaint states legal conclusions to which no response is required.

### The Underlying Litigation

7.      DDTI admits that Brian S. Anothony has filed a lawsuit in the Circuit Court of St. Clair County, Illinois, Cause No. 22 LA 0960 (the "Underlying Lawsuit"), which Underlying Lawsuit is presently pending, and the fact allegations and claims asserted therein speak for themselves.

8.      DDTI states that the fact allegations and claims asserted in the Underlying Lawsuit speak for themselves.

9.      DDTI states that the fact allegations and claims asserted in the Underlying Lawsuit speak for themselves.

10.     DDTI states that the fact allegations and claims asserted in the Underlying Lawsuit speak for themselves.

11.     DDTI states that the fact allegations and claims asserted in the Underlying Lawsuit speak for themselves.

12.     DDTI states that the fact allegations and claims asserted in the Underlying Lawsuit speak for themselves.

13. DDTI states that the fact allegations and claims asserted in the Underlying Lawsuit speak for themselves.

## The Acuity Policy

14. DDTI admits that the Commercial General Liability Policy attached to Plaintiff's Complaint (the "Insurance Policy") was in full force and effect from 12/27/2018 through 12/27/2019, and true and correct copies of portions of the Insurance Policy are attached to Plaintiff's Complaint.

15. DDTI admits that DDTI was a named insured. Further responding, Defendant states that the provisions set forth in the Insurance Policy speak for themselves.

16. Paragraph (16) of Plaintiff's Complaint does not state facts directed to DDTI which require a response.

## Coverage Allegations

## COUNT I

17. DDTI admits that the Underlying Lawsuit purports to state a claim against DDTI for spoliation of evidence arising from a vehicle accident which allegedly caused personal injuries to Mr. Anthony. Further responding, DDTI states that the facts and claims set forth in the Underlying Lawsuit speak for themselves.

18. Paragraph (18) of Plaintiff's Complaint states legal conclusions which DDTI denies.

19. Paragraph (19) of Plaintiff's Complaint states legal conclusions which DDTI denies.

20. Paragraph (20) of Plaintiff's Complaint does not allege facts directed to DDTI to which a response is required.

<u>Affirmative Defenses</u>

COMES NOW DDTI, by and through counsel, pursuant to Fed. R. Civ. P. 8, and for DDTI's Affirmative Defenses, states as follows:

<u>Affirmative Defense One (Failure to State a Claim)</u>

A. By way of further Answer and as an Affirmative Defense, DDTI states that Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

<u>Affirmative Defense Two (Statute of Limitations)</u>

B. By way of further Answer and as an Affirmative Defense, DDTI states that Plaintiff's Complaint is barred by the applicable statute of limitations.

<u>Affirmative Defense Three (Estoppel)</u>

C. By way of further Answer and as an Affirmative Defense, DDTI states that Plaintiff's Complaint is barred by the doctrine of estoppel.

<u>Affirmative Defense Four (Laches)</u>

D. By way of further Answer and as an Affirmative Defense, DDTI states that Plaintiff's Complaint is barred by the doctrine of laches.

<u>Affirmative Five (Claim Not Ripe for Determination)</u>

E. By way of further Answer and as an Affirmative Defense, DDTI states that the controversy set out in Plaintiff's Complaint is not ripe for determination and should be dismissed.

<u>Affirmative Defense Six (Waiver)</u>

F. By way of further Answer and as an Affirmative Defense, DDTI states that Plaintiff's Complaint is barred by the doctrine of waiver.

### Affirmative Defense Seven (Failure to Join Party)

G.  By way of further Answer and as an Affirmative Defense, DDTI states that Plaintiff's Complaint should be dismissed for failure to join an indispensable party.

### Affirmative Defense Eight (Failure To Comply With Declaratory Judgement Act)

H.  By way of further Answer and as an Affirmative Defense, DDTI states that Plaintiff's Complaint should be dismissed for failing to comply with 735 ILCS 5/2-701 and 28 U.S.C. 2201.

### Affirmative Defense Nine (Breach of Covenant of Good Faith & Fair Dealing)

I.  By way of further Answer and as an Affirmative Defense, DDTI states that the claim asserted in Plaintiff's Complaint is barred due to Plaintiff's breach of the covenant of good faith and fair dealing.

### Affirmative Defense Ten (Unclean Hands)

J.  By way of further Answer and Affirmative Defense, DDTI states Plaintiff's Complaint is barred by its unclean hands.

### Affirmative Defense Eleven (Affirmative Defenses Raised In Underlying Lawsuit)

K.  By way of further Answer and Affirmative Defense, DDTI states that the cause of action asserted by the Plaintiff in its Motion to Dismiss the Underlying Lawsuit giving rise to this action is barred by the defenses raised by DDTI the Underlying Lawsuit including failure to state a cause of action, the claim bar under the Illinois Worker's Compensation Act, and the claim time-bar under Illinois law.  DDTI hereby incorporates by reference herein all of the affirmative defenses asserted by DDTI in its Motion to Dismiss the Underlying Lawsuit.  A true and correct copy of DDTI's Motion to Dismiss is attached hereto and incorporated by reference herein.

<u>Reservation of Rights</u>

L. DDTI hereby reserves its right to amend its Answer and add additional affirmative defenses as the facts are developed in this case.

WHEREFORE Defendant, Diamond D. Transport, Inc., respectfully prays that Plaintiff's Complaint be dismissed, with prejudice, at Plaintiff's costs, and for such further relief as this Court deems just and proper.

REBMAN, LINHARES & BEACHEM
A Professional Corporation
<u>/s/ N. Gregory Beachem</u>
Robert J. Linhares, FBN 6200254
N. Gregory Beachem, FBN 6217456
165 N. Meramec Ave., Suite 310
St. Louis, MO  63105
314-725-1118
314-725-1026 (f)
greg@rlblaw.net

Certificate of Service

This will certify and affirm that this pleading was filed this 5th day of June, 2023, with the Court's electronic filing system.

<u>/s/ N. Gregory Beachem</u>