Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Jennifer Davlin
22LA0960
St. Clair County
4/10/2023 12:00 AM
22199837

618.044247

## IN THE CIRCUIT COURT TWENTIETH JUDICIAL CIRCUIT
## ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| BRIAN SCOTT ANTHONY | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Court No.: 22LA0960 |
| | ) |
| DIAMOND D TRANSPORT, INC., | ) |
| | ) |
| Defendant. | ) |

## MOTION TO DISMISS

NOW COMES the Defendant, DIAMOND D TRANSPORT, INC., (hereinafter "Defendant" or "Diamond") by and through its attorneys, LaBARGE CAMPBELL LYON & KAHAN LLC, and pursuant to 735 ILCS 2-619.1, brings its combined Motion to Dismiss Plaintiff's Complaint, with prejudice, pursuant to 735 ILCS 2-615, 2-619(a)(5) and 2-619(a)(9) of the Illinois Code of Civil Procedure. In support of its Motion, Diamond states as follows:

## I. STATEMENT OF FACTS

1. On July 15, 2019, Plaintiff Brian Scott Anthony (hereinafter "Plaintiff" or "Anthony"), while employed as a truck driver by Defendant Diamond ("Defendant" or "Diamond"), was involved in a motor vehicle accident in St. Louis County, MO.

2. Diamond is incorporated in Illinois with its only place of business located in Collinsville, Illinois.

3. Plaintiff at all times relevant has been a resident of Belleville, IL

4. Plaintiff filed for workers compensation against Diamond for injuries arising out of this same July 15, 2019, event with benefits paid to date of $139,736.12. (19WC026037)

5.    On November 14, 2022, over three years after his accident, Plaintiff sued Diamond for "failing to preserve the bent driver's seat". *See Complaint, Ex A.*

6.    Plaintiff asserts that he would have a product liability claim against the seat manufacturer but for the "lost seat". Yet he did not file an action against the seat manufacturer or any other party for negligence as a result of the July 15, 2019, accident.

7.    Plaintiff alleges that he was injured by the destruction and/or loss of "the bent driver's seat" through Defendant's (unspecified) "actual, apparent, or implied agents and employees" *Ex A.* para. 5-6.

8.    Plaintiff alleges that his counsel communicated directly with, and made payment to, Defendant's agents/representatives for preservation of the bent seat. *Ex A, para 5.*

9.    Defendant's vehicle that is the subject of the November 14, 2022, complaint was taken by Diamond, a customer to "Truck Centers, Inc.", an independent dealer/body shop in Troy, IL, with no other relationship to Defendant, for repairs. *See Ex B, affidavit of Diamond.*

10.    In September 2019, Defendant was copied on an email exchange with Truck Centers, Inc. advising that the truck was ready for repairs and that there was a "request to preserve" the driver's seat. Defendant was not a "participant" in the email exchange and did not participate in any discussions regarding any "request to preserve". *Ex B.*

## II. STANDARD FOR DISMISSAL UNDER 2-619.1

Defendant brings this Motion to Dismiss Plaintiff's Complaint, with prejudice, pursuant to 735 ILCS 5/2-615, for failing to state a claim and for failing to sufficiently allege essential elements in his cause of action; and pursuant to 735 ILCS 5/2-619(a)(5), for failing to commence the action within the time limited by law; and, pursuant to 735 ILCS 5/2-619(a)(9) in that the claim is barred because Plaintiff's exclusive remedy is through workers compensation.

2

Section 2-619.1 of the Code permits a party to combine a section 2-615 motion to dismiss based upon a plaintiff's failure to state a claim and/or for substantially insufficient pleadings, with a section 2-619 motion to dismiss based upon certain defects or defenses. *Edelman v. Hinshaw*, 338 Ill.App.3d 156 (2003) and *735 ILCS 5/2-619.1*. When ruling on a motion to dismiss under either section 2-615 or section 2-619, the court accepts well-pleaded facts in the complaint as true and to draw all reasonable inferences from those facts in favor of the nonmoving party. To survive a motion to dismiss pursuant to section 2-615, a complaint must be both legally and factually sufficient. *Lykowski v. Bergman*, 299 Ill.App.3d 157 (1998).

### III. ARGUMENT FOR DISMISSAL PURSUANT TO 2-615

**A. Plaintiff has not established the essential elements of a spoliation claim and must be dismissed with prejudice for failure to state a claim.**

    **1. Defendant Diamond owed no duty.**

The existence of a duty in a spoliation claim is a question of law for determination by the court. *Jackson v. Michael Reese Hospital and Medical Center*, 294 Ill.App.3d 1 (1st Dist. 1997). Generally, there is no duty to preserve evidence; an exception can arise through an agreement, contract, statute, special circumstance - or a defendant may voluntarily assume a duty by affirmative conduct. *Boyd v. Travelers Insurance Co.*, 166 Ill.2d 188, 195. There, the Court identified what acts give rise to a duty in a spoliation claim.

In *Boyd*, the plaintiff was injured when a propane heater he was using inside a van owned by his employer exploded. The *Boyd* plaintiff sued multiple defendants, with counts in negligence against the manufacturer of the heater as well as a spoliation claim against the worker's compensation insurer. Plaintiff alleged that the insurer breached a duty under a spoliation theory when its employees took possession of the heater to inspect/test. The insurer's employees picked up the item from plaintiffs' home, transported it to its offices and stored it in a

3

closet. When the plaintiffs requested the item back, the insurer responded that it had "disappeared". The *Boyd* Court found, under those facts, that the insurer defendant had voluntarily assumed a duty to preserve. *Id.* at 195. That is not the case here.

Here, Plaintiff has not alleged Defendant owed a duty by agreement, contract or statute, which leaves Special Circumstance or Voluntarily Assumption of a Duty. Yet the Complaint is devoid of specific facts as to who, when and how the Defendant failed to preserve evidence. Plaintiff asserts legal conclusions, not facts, that Diamond's actual, apparent or implied agents and employees failed to preserve the seat. He does not allege a request directly to Diamond to preserve the "bent driver's seat"; he alleges his counsel communicated with Defendant's (unnamed and unidentified) "agents and representatives". (*Ex A,* para. 5) Defendant had no involvement in a "request to preserve", other than being copied on an email exchange and did not authorize, instruct, or request any arrangements concerning the driver's seat. *Ex B.*

In *Martin v. Keeley & Sons, Inc.,* 2012 IL 113270, the Court clarified what acts constitute a duty by voluntary undertaking or special exception. The Court held that mere possession and control of evidence by the employer did not give rise to a duty under the special circumstance and rejected the argument that an employer-employee relationship or status as a potential litigant was sufficient to establish a duty to preserve evidence. *Id.* at p. 7. The *Martin* Court noted that while Keeley "allowed" investigators to inspect the evidence and the accident site, "these actions fall short of taking affirmative steps to preserve" *Id.* at p. 8.

Here, Defendant never manifested an intent to preserve the seat as evidence. It did not take possession of the seat. Truck Center's Inc., took possession of the truck for repairs. There is not, and never was, an "agency" relationship between Truck Center's Inc., and the Defendant

4

Diamond. *Ex B.* Diamond did not prevent or interfere with plaintiff's counsel's payment/communication to Truck Center regarding the seat. This act is not affirmative conduct.

**2. Plaintiff has not established the causation or damages elements of a spoliation claim because his claim is not tied to an underlying suit.**

Illinois does not recognize an independent tort action of negligent spoliation. *Boyd v. Travelers Insurance Co.,* 166 Ill.2d 188, 192-93 (1995). *Boyd* held that while it does not recognize spoliation of evidence as an independent cause of action, a spoliation claim can be stated under existing negligence law. *Id* at 193. To recover for negligent spoliation, plaintiff must plead: the defendant owed a duty to preserve the evidence, it breached that duty by losing/destroying the evidence; the loss/destruction was the proximate cause of the plaintiff's inability to prove an underlying lawsuit; and, there was actual damages. *Dardeen v. Kuehling,* 213 Ill.2d 329, 336 (2004). But a spoliation claim relies upon an underlying negligence action.

In *Boyd,* plaintiffs had filed a complaint against two defendants alleging product liability and negligence claims against one defendant and spoliation of evidence against the other. The trial court dismissed the spoliation claims finding the claims were premature because actual injury could not be alleged until plaintiffs lost the underlying suit of product liability and negligence against the other defendant. *Boyd,* 166 Ill.2d at 190. *Boyd* held that a plaintiff in a negligence action for spoliation must allege sufficient facts to support a claim that the loss or destruction of the evidence caused the plaintiff to be unable to prove an underlying suit. *Id.* at 196. A plaintiff must demonstrate that but for the defendant's loss of evidence, the plaintiff had a reasonable probability of succeeding in the underlying suit. *Id.* Per *Boyd,* a plaintiff must first, or simultaneously, bring an underlying action., which other decisions confirm.

In *Hartmann Realtors v. Biffar,* 2014 IL App (5th) 130543, the court affirmed dismissal for failure to state a cause of action on the basis that the counter-plaintiff's spoliation claim was

not connected to an underlying suit; it was deficient with regard to proximate cause. *Hartmann* at 130550.    The plaintiff real estate company sued defendant Biffar seeking damages for cleaning/repairing an apartment it leased to Biffar's daughter. Biffar filed a counterclaim against Hartmann alleging negligent spoliation of evidence. *Hartmann* at 130546. In affirming the trial court's dismissal, the *Hartmann* held that Biffar could not establish that she could recover under the theory of negligent spoliation – she could not show that but for Hartmann's cleaning/repairing of the apartment, she had a reasonable probability of succeeding in an underlying lawsuit *since no underlying lawsuit had been filed."* (emphasis added) *Id.* at 130551. Biffar alleged that Hartmann's failure to preserve evidence hindered her defense of the lawsuit filed by Hartmann, which did not meet the causation element.[1]

### B. Plaintiff Insufficiently Pleads Negligent Spoliation.

While a court considers as true all well pled facts and reasonable inferences drawn from those facts, conclusions of law unsupported without specific facts does not meet pleading requirements under 2-615. *Groening's v. City of St. Charles*, 215 Ill.App.3d 295, 298 (2nd Dist.1991).  If after conclusions in the complaint have been excluded there are not facts to state a cause of action, the motion to dismiss must be granted. *Knox College v. Celotex Corp*, 88 Ill.2d 407 (1981) Factual deficiencies may not be cured by liberal construction. *Knox* at 427.

### 1. Plaintiff did not properly plead the existence of a duty owed by Defendant.

Plaintiff fails to plead specific facts that establish the existence of a duty to preserve the evidence. He fails to identify under which theory Diamond owed a duty. Plaintiff does not describe with sufficient specificity the "circumstances" to any degree sufficient to advise the

---

[1] *See also Jones v. UPR Products, Inc.,* No. 14 C 1248, 1254 (N.D. Ill. 2015) (district court found under Illinois law spoliation plaintiff is required to plead and prove causation, but cannot, if there is no underlying lawsuit).

court, and to notify Diamond, of how a duty was created. While noting that in a spoliation claim a defendant may assume a duty by affirmative conduct, it held that the pleading must allege facts describing the conduct. *Jackson* at 7-8. "A complaint may not rest on conclusions not supported by specific facts." *Id*. at 11.

In *Jackson*, the court held the complaint lacked facts as to the nature of defendant's alleged voluntary undertaking and failed to describe the affirmative act voluntarily undertaken: "[w]hile the complaint generally alleges that the defendant hospital was under a duty to segregate these X rays and keep them in a safe environment, the complaint fails to describe what conduct was voluntarily undertaken by the hospital..." *Id*. at 11.[2]

Here, plaintiff fails to identify who he believes are "Defendant's agents and representatives", fails to state when his counsel "communicated" with them, fails to state how his counsel communicated, whether it was in person, by phone, email or some other means. Ex A, para. 5.

## 2. Plaintiff fails to meet the pleading requirements for proximate cause and damages in his spoliation claim.

Using *Boyd* as its guide, the First District evaluated the sufficiency of a properly pled spoliation claim in *Jackson v. Michael Reese Hospital and Medical Center*, 294 Ill.App.3d 1 (1st Dist.1997). That court held that plaintiff's allegations that "the missing X rays forced plaintiffs to nonsuit the malpractice action, as they were unable to obtain an expert opinion regarding negligence" did not meet the pleading requirements for proximate cause under *Boyd*. *Id*. at 14.

And plaintiff fails to meet the minimum requirements as to proximate cause. He allege that he "would have a product liability claim against the seat manufacturer, but the Defendant

---

[2] See also *Nelson v. Union Wire Rope Corp.*, 31 Ill.2d 69, 74-75 (1964) "[w]hile a defendant might assume a duty by affirmative conduct, the pleadings must allege facts describing that conduct".

failed to preserve..." Ex A para. 9. He fails to sufficiently allege proximate cause. Applying *Boyd*, plaintiff must allege that he had a reasonable probability of succeeding on an underlying product liability claim against the seat manufacturer but for the defendant's spoliation. Yet he merely asserts the legal conclusion that he "is impaired in pursuing a claim against the seat manufacturer (Ex A, para.10); he does comply with the *Boyd*.

Plaintiff fails to meet the pleading requirement for damages. *Boyd* held that a spoliation of evidence claim required that actual damages be plead; the threat of future harm, not yet realized, is not actionable. *Id.,* 166 Ill.2d at 197. Allegations of how plaintiff was damaged by spoliation is required. *Jackson* held that the plaintiff's complaint lacked specific allegations as to the nature of the damages suffered by plaintiffs. In *Jackson*, the plaintiff's complaint stated that crucial evidence necessary to the successful prosecution of the medical malpractice lawsuit was lost or destroyed, forcing plaintiffs to nonsuit and alleged plaintiffs were forced to incur additional expenses and lose a jury award in excess of $1 million. *Jackson,* 294 Ill.App.3d at 10. *Jackson* held that the complaint did not specifically allege how the plaintiffs were damaged by the spoliation, therefore the element of damages was not sufficiently pled under 2-615. *Id.*

Here, plaintiff merely alleges that he has been "injured in his ability to prosecute and enforce his legal rights against Defendant or any other possible defendants" (Complaint at p. 3, para. 11). With no action against any other defendant, there is no means by which to measure damages. His complaint fails to meet the pleading requirements as to damages.

## IV. ARGUMENT FOR DISMISSAL PURSUANT TO 2-619

Plaintiff's complaint was not commenced within the time permitted by law under 735 ILCS 5/2-619(a)(5); in addition, his claim is barred by another affirmative matter, the Worker's Compensation Act, pursuant to 735 ILCS 2-619(a)(9).

### A. Illinois Statute of Limitations applies To Bar Plaintiff's Suit

The Illinois statute of limitations for personal injury is two years. *735 ILCS 5/13-202.* In Missouri, it is five years. (Missouri Code section 516.120). When there is a conflict as to which state's law applies to a controversy, Illinois courts look to the conflicts law of Illinois, the forum state. *Nelson v. Hix,* 122 Ill.2d 343, 346 (1988). Over fifty years ago the Illinois Supreme Court held that in determining which state's law applies, the place of injury (where the tort occurs) is not determinate, and Illinois law will apply if "Illinois has a more significant relationship with the occurrence and [] the parties" *Ingersoll v. Klein,* 46 Ill.2d 42, 44 (1970). The Court explained "[w]hen applying the most significant relationship test, a court should consider four factors: (1) where the injury occurred; (2) where the injury-causing conduct occurred; (3) the domicile of the parties; and (4) where the relationship of the parties is centered. *Esser v. McIntyre*, 169 Ill.2d 292, 295 (Ill. 1996) The court must look at the contacts of the jurisdictions under these four factors and then evaluate those contacts in light of the policies underlying the laws of those jurisdictions. *Id.* at 295.

The plaintiff in *Esser* was injured while vacationing in Mexico with the defendant, when the defendant spilled popcorn kernels on the floor of their vacation unit, causing the plaintiff to slip and fall. The Court determined that the first two factors were Mexico, but looking at the third and fourth factors, the Court found Illinois law should apply. The Court held that Illinois, not Mexico, had a more significant relationship with the occurrence and the parties - both the plaintiff and defendant were domiciled in Illinois and their relationship was centered in Illinois. The Court noted that the trip was planned in Illinois, invite to vacation was issued in Illinois and the group of vacationers left from and returned to Illinois). Illinois law applied. *Id.* at 296.

Here, plaintiff's auto accident occurred in Missouri. Yet plaintiff and Defendant are domiciled in Illinois, the truck involved in the accident was returned to Illinois for repairs, and the alleged "spoliation" occurred in Illinois. All facts as to alleged spoliation rest within Illinois, therefore, Illinois law, and the Illinois statute of limitations, applies to bar plaintiff's action.

### B. Plaintiff's Exclusive Remedy Again Defendant is his worker's compensation claim

Defendant is the Plaintiff's employer; he is barred from suing it pursuant to the exclusive remedy provision of the Worker's Compensation Act.[3] The exclusivity provision provides that, in return for incurring liability without fault, employers are protected by a prohibition of common law suits by employees against employers. *Meerbrey v. Marshall Field Co.*, 139 Ill.2d 455, 462 (1990). To escape the bar of sections 5 and 11 of the Act, a plaintiff must allege and prove that the injury either 1) was not accidental 2) did not arise from his employment, 3) was not received during the course of employment, or 4) was not compensable under the Act. *James v. Caterpillar Inc.*, 242 Ill.App.3d 538, 543 (5th Dist. 1993). Plaintiff Anthony has not alleged that his injury falls into any of these four exceptions.

WHEREFORE, Defendant, DIAMOND D TRANSPORT, INC., moves this Court for entry of an Order dismissing Plaintiff's Complaint with prejudice pursuant to Section 2-619.1, Sections 2-615(a)(5) and 2-619(a)(9) of the Illinois Code of Civil Procedure.

*/s/Shimon B. Kahan*
SHIMON B. KAHAN

Shmon B. Kahan  (Atty. #:  6207172)
LaBARGE CAMPBELL LYON & KAHAN, LLC
Attorneys for Defendant, Diamond D Transport, Inc.
200 West Jackson Boulevard – ste 2050
Chicago, Illinois 60606
312-580-9010
skahan@lcllaw.com; rmorrissey@lcllaw.com

---

[3] 820 ILCS 305 section 5.

# EXHIBIT A

Electronically Filed
Marie Zaiz
Circuit Clerk
Nora Sternau
22LA0960
St. Clair County
11/14/2022 12:00 AM
20270484

IN THE CIRCUIT COURT TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | | |
|---|---|---|
| BRIAN SCOTT ANTHONY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: **22LA0960** |
| | ) | |
| DIAMOND D TRANSPORT, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

NOW COMES Brian Scott Anthony, hereinafter referred to as ("Plaintiff"), by and through his attorneys McGlynn & McGlynn, and for his Complaint against Diamond D Transport, Inc., hereinafter referred to as ("Defendant") states as follows:

### **Diamond D Transport, Inc.: Spoliation**

1.     At all times relevant, Defendant was a corporation operating in the State of Illinois with an office located at 1200 Formosa Road, Collinsville, Illinois 62234.

2.     At all times relevant, Plaintiff, residing in Belleville, Illinois, was employed by Defendant. Each morning Plaintiff would pick up the Defendant's cab from Defendant's lot in Saint Clair County, Illinois, perform deliveries, and returned the cab to the Defendant's lot at the end of business.

3.     On July 15, 2019, Plaintiff was engaged in his profession as a truck driver, traveling in the middle lane headed eastbound on interstate 70 in Saint Louis County, Missouri.

4.     At said time and place a motor vehicle accident occurred, the driver's seat bent, and Plaintiff was jarred around the cabin causing him great bodily harm, permanent injuries, pain and suffering, disability, loss of wages, and causing him to incur past and future medical expenses, and loss of a normal life.

5.      Plaintiff's counsel communicated with Defendant's agents and representatives to preserve the defective seat. Plaintiff's counsel was asked and in fact did pay for the preservation of the damaged seat and for Defendant's agents and representatives to retain same for inspection and they agreed to do the same. Defendant's experts and agents inspected and photographed the defective seat, knowing the need to present the seat as evidence.

6.      On or about July 15, 2019, Defendant, through its actual, apparent, or implied agents and employees, was aware of the fact that Plaintiff suffered severe injuries, and therefore knew or should have known that the bent driver's seat constituted as evidence that was material to a worker's compensation case or a potential civil action against the seat manufacturers.

7.      In light of the circumstances, it was the duty of Defendant, individually, and through its actual, apparent, or implied agents and employees, to exercise ordinary care and caution to preserve the integrity of evidence material to a potential civil action arising from the subject occurrence and, in particular, to preserve the bent driver's seat at issue.

8.      Not regarding the duty as aforesaid, Defendant, individually, and through its actual, apparent, or implied agents and employees, was guilty of one or more of the following careless, negligent, or intentional acts or omissions:

(a)     it failed to preserve the bent driver's seat;

(b)     it destroyed, discarded, or lost the driver's seat;

(c)     it failed to adequately record/document the actual condition of the bent driver's seat before same was destroyed, discarded, or lost;

(d)     it otherwise failed to preserve the evidence pertaining to the bent driver's seat.

9.    Plaintiff would have a product liability claim against the seat manufacturer, but the Defendant failed to preserve the broken seat as evidence as requested.

10.    Without the seat as evidence, Plaintiff is impaired in pursuing a claim against the seat manufacturer due to the Defendant's conduct.

11.    As a result of one or more of the aforementioned negligent acts or omissions or intentional acts or omissions of Defendant, through its actual, apparent, or implied agents and employees, Plaintiff has been injured in that his ability to prosecute and enforce his legal rights against Defendant or any other possible defendants has been irrevocably prejudiced by the destruction and/or loss of the aforesaid material evidence as above described.  Specifically, as a result of Defendant's conduct, Plaintiff is impaired in establishing the condition of the bent driver's seat as it existed at the time of Plaintiff's injuries.

12.    As a direct and proximate result of said destruction and/or loss, Plaintiff is impaired in evaluating the bent driver's seat for purposes of accident reconstruction.

WHEREFORE, Plaintiff, Brian Scott Anthony, prays for an amount in excess of Fifty Thousand 00/100 Dollars ($50,000.00) plus costs and such other relief as the Court deems just and proper herein.

Respectfully submitted,

/s/   Michael L. McGlynn
Michael L. McGlynn (6188495)
McGlynn & McGlynn
116 South Charles Street
Belleville, IL. 62220
T:      618-234-8800
F:      618-234-8813
MMcGlynn@mcglynnandmcglynn.com

# EXHIBIT B

618.044247    Atty. #: 6207172

IN THE CIRCUIT COURT TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | | |
|---|---|---|
| BRIAN SCOTT ANTHONY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Court No.: 22LA0960 |
| | ) | |
| DIAMOND D TRANSPORT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

<u>**AFFIDAVIT OF MICAH DERICKSON**</u>

1.　　I am the owner and president of Diamond D. Transport, and our office is located at 1200 Formosa Rd., in Collinsville, IL.

2.　　On or about July 15, 2019, Brian S. Anthony, a former driver for Diamond D. Transport, was involved in an accident while driving a vehicle owned by Diamond D. Transport.

3.　　After the incident of July 15, 2019, the vehicle was sent for repairs to an independent dealer/body shop: Truck Centers Inc., in Troy IL.

4.　　Diamond D. Transport is a customer of, but not affiliated with, Truck Centers, Inc.

5.　　Truck Centers, Inc., is not an agent or representative of Diamond D. Transport.

6.　　Diamond D. Transport does not own Truck Centers Inc., nor does it have any financial interest in Truck Centers, Inc.

7.　　I recall that sometime in September 2019, I had been "copied" or "cc:" on an email exchange with Truck Centers, Inc., about the repairs to the vehicle's seat.

8.　　Neither I nor any Diamond D. Transport employees, agents, or representatives, participated in any written or verbal discussions about "preserving" the vehicle's seat.

9.　　I did not request anyone or any entity to "preserve" the vehicle's seat.

10.    I did not, and no Diamond D Transport employees, agents or representatives, picked up the vehicle's seat from Truck Centers Inc., or from anywhere else.

11.    Due to his July 15, 2019, injury, Brian S. Anthony received approximately $139,736.12 in benefits ($129,208.80 in indemnity and $10,527.32 in medical payments) from his worker's compensation claim with Diamond D. Transport.


FURTHER AFFIANT SAYETH NOT.

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.


MICAH DERICKSON                                        4-3-2023
                                                        Date