IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ACUITY, a mutual insurance company, | |
| Plaintiff, | |
| v. | Case No. 23-cv-621-JPG |
| DIAMOND D. TRANSPORT, INC., and BRIAN SCOTT ANTHONY, | |
| Defendants. | |

**MEMORANDUM AND ORDER**

**I.  Introduction**

This matter comes before the Court on Plaintiff Acuity, a Mutual Insurance Company ("Acuity") Motion to Strike Defendant Diamond D. Transport's ("Defendant" or "Diamond") Affirmative Defenses (Doc. 24). Diamond opposes the motion. (Doc. 25). Defendant Brian Scott Anthony is represented by separate counsel and has not filed any opposition to the motion.

**II.  Analysis**

This is a declaratory judgment action filed by Acuity. Diamond, in its Answer and Affirmative Defense to Acuity Complaint for Declaratory Judgment alleged eleven affirmative defenses. There is an underlying lawsuit pending in the Circuit Court of St. Clair County regarding a traffic accident that caused the plaintiff in that case's injuries.

A Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  An affirmative defense must satisfy three criteria to survive a motion to strike pursuant to Rule 12(f): (1) it must constitute a proper affirmative defense; (2) it must meet pleading requirements in Rules 8 and 9; and (3) it must

1

withstand a Rule 12(b)(6) challenge. *See Raquet v. Allstate Corp.*, 348 F. Supp. 3d 775, 781 (N.D. Ill. 2018). Although motions to strike "are generally disfavored because of the likelihood that they may only serve to delay proceedings," a court may strike portions of a pleading if it will "remove unnecessary clutter from the case" and thereby "serve to expedite, not delay." *Heller Fin. Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Even under the liberal notice pleading standards of the Federal Rules, an affirmative defense must include direct or inferential allegations as to all elements of the defense asserted. *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F.Supp.2d 897, 904 (N.D. Ill. 2006).

Plaintiff argues that Diamond's first ten affirmative defenses contain only a single sentence and are therefore conclusory and should be dismissed based on any explanation of how the cited legal doctrine apply. Plaintiff further argues that the last of the eleven affirmative defenses "incorporates by reference herein all of the affirmative defenses asserted by DDTI in its Motion to Dismiss the Underlying Lawsuit." (Doc. 22 at 6). The Court will take each of the affirmative defenses in turn.

The first affirmative defense states that "Plaintiff's Complaint fails to state a claim upon which relief may be granted." (Doc. 22 at 5). An affirmative defense, as opposed to a defense, is one that comes about only after a plaintiff has made their prima facie case. *Escobedo v. Oswego Junction Enterprises LLC*, No. 17-cv-0682, 2017 WL 3130643, at *4 (N.D. Ill. July 24, 2017) ("[W]hen a defendant attacks the plaintiff's prima facie case, it is a 'negative defense,' which is distinct from an affirmative defense.") (internal citation omitted). Accordingly, it is not a proper affirmative defense. *Oregon Potato Co. v. Kerry Inc.*, No. 20-cv-92-JDP, 2020 WL 4586401, at *1 (W.D. Wis. Aug. 10, 2020) ("As other courts have noted, 'failure to state a claim' isn't an affirmative defense.") (internal citation omitted). This affirmative defense is stricken.

The second affirmative defense alleges that "Plaintiff's Complaint is barred by the applicable statute of limitations." (Doc. 22 at 5). Statute of limitations is an affirmative defense. *United States v. N. Trust Co.*, 372 F.3d 886, 888 (7th Cir. 2004) ("Dismissal under Rule 12(b)(6) [is] irregular, for the statute of limitations is an affirmative defense."). The Court will not strike this affirmative defense because it puts Plaintiff on sufficient notice on the type of defense Defendant alleges. *See also Venters v. City of Delphi*, 123 F.3d 956, 967 (7th Cir. 1997) ("Federal Rule of Civil Procedure 8(c) requires a defendant to plead a statute of limitations defense and any other affirmative defense in his answer to the complaint. The purpose of that rule, as courts have long recognized, is to avoid surprise and undue prejudice to the plaintiff by providing her notice and the opportunity to demonstrate why the defense should not prevail."). *Fares v. H, B, & H, LLC*, No. 21-cv-753, 2021 WL 5783352, at *2 (E.D. Wis. Dec. 7, 2021) ("[I]t is unnecessary for defendants to plead more facts to give Fares proper notice and an opportunity to challenge the defense. The applicable statute of limitations under the FLSA is readily discernible, as are the facts underlying when Fares' claim accrues."). The second affirmative defense is not stricken.

The third defense states that "Plaintiff's Complaint is barred by the applicable statute of limitations." (Doc. 22 at 5). This is bare bones and without facts to support it. *Huizar v. Experian Info. Sols., Inc.*, No. 4:22-cv-85-PPS-JEM, 2023 WL 195834, at *3 (N.D. Ind. Jan. 17, 2023) (granting motion to strike estoppel affirmative defense because defendant "has pleaded no facts in support of its fifth affirmative defense so it must be stricken."). In essence, an affirmative defense must "be adequately pled to put a plaintiff on notice of the defense." *Cottle v. Falcon Holdings Mgmt., LLC*, No. 2:11-cv-95-PRC, 2012 WL 266968, at *3 (N.D. Ind. Jan. 30, 2012); *accord Bielfeldt v. Bourazak,* No. 1:15-cv-01419-JEH, 2016 WL 1383464, at *2 (C.D. Ill. Apr. 7, 2016) (C.D. Ill. Apr. 7, 2016) ("Federal Rule of Civil Procedure 8 requires for affirmative defenses, at a

minimum, fair notice of a party's defense."). Because Defendant's fourth (latches), fifth (claim not being ripe for determination), sixth (waiver), and seventh (failure to join an indispensable party) will be stricken for failure to allege any facts that would put Plaintiff on notice of the defense.

The eight affirmative defense alleges that "Plaintiff's Complaint should be dismissed for failing to comply with 735 ILCS 5/2-701 and 28 U.S.C. 2201." For such a claim under the Declaratory Judgment Act, one must "allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 544, 555, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Diamond's third, fourth, fifth, sixth, seventh, and eighth affirmative defenses therefore are stricken.

The ninth affirmative defense alleges good faith and fair dealing. (Doc. 22 at 6). This affirmative defense is without sufficient factual material to withstand a 12(b)(6) challenge and will therefore be stricken. The tenth affirmative defense alleges "unclean hands." Because such a defense alleges fraud, a party must state with particularity the circumstances constituting the fraud or mistake based on the high bar pleading requirement in Rule 9(b). *RBG Plastic, LLC v. Webstaurant Store*, No. 1:18-CV-05192, 2021 WL 4146899, at *5 (N.D. Ill. Sept. 13, 2021). Because the affirmative defense is devoid of any facts and states "Plaintiff's Complaint is barred by its unclean hands" (Doc. 22 at 6), the Court will strike the tenth affirmative defense. *Livesay v. Nat'l Credit Sys., Inc.*, No. 4:22-CV-19-TLS-JEM, 2022 WL 1210728, at *6 (N.D. Ind. Apr. 25, 2022) (striking affirmative defense of unclean hands because defendant did not allege what how she may have unclean hands, what her purportedly inequitable conduct was, what her affirmative actions may have been, who any third parties may have been, any failure to mitigate damages).

Lastly, the eleventh affirmative defense incorporates all the defenses by Defendant in the Underlying Lawsuit. Because the defenses in the underlying lawsuit are immaterial in this action,

the Court will strike it. Further, the Court finds that such an affirmative defense confuses the issue at hand, which is a declaratory judgment action, and will strike it for that reason as well. *Capitol Indem. Corp. v. Tranel Devs., Inc.*, 144 F.R.D. 346, 347 (N.D. Ill. 1992) ("unless it is clear that it can have no possible bearing on the subject matter of the litigation.").

Therefore, all affirmative defenses except for the second affirmative defense shall be stricken. Defendant has leave to replead their affirmative defense in an amended answer to be filed July 13, 2023.

### III.   Conclusion

The Court hereby **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Strike (Doc. 24). If Defendant wishes to file an amended answer, Defendant has leave to do so until July 13, 2023.


**IT IS SO ORDERED.**
**DATED:  June 22, 2023**

**/s/  J. Phil Gilbert**
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**
