2.4722

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ACUITY, a mutual insurance company, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) |
| | ) No. 3:23-CV-00621 |
| DIAMOND D. TRANSPORT, INC., and | ) |
| BRIAN SCOTT ANTHONY, | ) |
| | ) |
| *Defendants.* | ) |

### FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT

Now comes the plaintiff, Acuity, a mutual insurance company ("Acuity"), by and through its attorneys, Joseph P. Postel and Timothy D. Crane of LINDSAY, PICKETT & POSTEL, LLC, and for its <u>first amended</u> complaint for declaratory judgment (pursuant to the Declaratory Judgment Act, 28 USC 2201 *et seq.*) against DIAMOND D. TRANSPORT, INC. ("Diamond D. Transport") and BRIAN SCOTT ANTHONY ("Mr. Anthony"), alleges as follows:

### Introduction

1. This is a declaratory judgment action by a commercial liability insurer, Acuity, seeking a judicial declaration that it owes no defense or coverage, under a policy issued to Diamond D. Transport, with respect to a lawsuit filed against <u>Diamond D. Transport by Mr. Anthony, now pending in the Circuit Court of St. Clair County, Illinois ("the underlying lawsuit")</u>. The underlying lawsuit alleges, in sum, that Mr. Anthony was injured in a motor vehicle collision while operating a cab owned by Diamond D. Transport, and that the seat inside the cab in which Mr. Anthony was seated "bent" during the collision, causing <u>or contributing to his injuries.</u>

2. <u>The underlying lawsuit</u> alleges that Diamond D. Transport subsequently failed to preserve the bent seat by either destroying, discarding, or losing it, and that Mr. Anthony is

irrevocably precluded from bringing a product liability claim against the seat's manufacturer as a result.

3. <u>Acuity now brings this First Amended Complaint for Declaratory Judgment to address Mr. Anthony's First Amended Complaint in the underlying lawsuit, which adds additional parties but essentially states the same allegations and seeks the same relief against Acuity's insured, Diamond D. Transport, as the original complaint.</u>

4. The Acuity policy provides no coverage to Diamond D. Transport for the underlying lawsuit because damage to Mr. Anthony's ability to bring a products liability lawsuit against the seat's manufacturer is not "property damage" under the policy, and any damage to or loss of the bent seat itself is subject to the policy's exclusion for damage to property the insured, Diamond D. Transport owns.

## The Parties

5. Acuity is a Wisconsin mutual insurance company organized under the laws of Wisconsin, with its principal place of business in Sheboygan, Wisconsin. Acuity is a citizen of Wisconsin.

6. Defendant, Diamond D. Transport is a corporation organized under the laws of Illinois, <u>and is a citizen of Illinois,</u> with its principal place of business in Collinsville, Illinois.

7. Defendant, Mr. Anthony is an Illinois citizen who resides in Belleville, Illinois.

8. Mr. Anthony is a "necessary party" to this action under applicable state law and may therefore be a "required party" under FRCP 19, in that he may have an interest in the subject matter of this action. Acuity seeks no relief from Mr. Anthony, other than to the extent, if any, that he is interested in the subject matter of this action, that he be bound by the judgment sought

herein. If Mr. Anthony, by a duly authorized representative, will sign a stipulation to that effect, then Acuity would be willing to voluntarily dismiss him as a defendant.

## Jurisdiction and Venue

9. The jurisdiction of this Court is based upon 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391, in that all of the defendants are citizens of Illinois and reside in this District.

## The Underlying Litigation

11. On or about November 14, 2022, Mr. Anthony filed a single-count complaint for spoliation against Diamond D. Transport, docket Number 22LA0960, in the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois ("the original underlying lawsuit complaint"). A copy of the original complaint filed in the underlying lawsuit is attached hereto as **Exhibit A**.

12. Mr. Anthony filed his First Amended Complaint on 6/13/2023, adding additional party Defendants, a copy of which is attached here to **Exhibit B**.

13. The First Amended Complaint alleges that Mr. Anthony was employed by Diamond D. Transport, and on July 15, 2019, was engaged in his profession as a truck driver, operating a cab which Diamond D. Transport owned. **Ex. B**, ¶¶ 3-5.

14. The First Amended Complaint alleges that a motor vehicle accident occurred, the driver's seat "bent" and Mr. Anthony was injured. **Ex. B**, ¶ 6.

15. The First Amended Complaint further alleges that Mr. Anthony's attorney communicated with Diamond D. Transport's agents and representatives to preserve the defective

seat, agreed to and did pay for the preservation of that seat, and that Diamond D. Transport's experts and agents were aware of the need to preserve the seat as evidence. **Ex. B**, ¶¶ 7-12.

16. The First Amended Complaint alleges that Diamond D. Transport owed a duty to preserve the bent seat, having knowledge that the seat constituted evidence of Mr. Anthony's potential civil action against the seat manufacturer. **Ex. B**, ¶ 14.

17. The First Amended Complaint alleges that Diamond D. Transport failed to preserve the defective seat, either destroying, discarding, or losing it. **Ex. B**, ¶¶ 13, 18.

18. As a result of Diamond D. Transport's alleged failure to preserve the seat, Mr. Anthony alleges that he is impaired from pursuing a claim against the seat manufacturer, as he cannot establish the condition of the seat following the accident and his injuries. **Ex. B**, ¶¶ 15-17, 19.

### The Acuity Policy

19. The commercial general liability policy issued by Acuity to Diamond D. Transport was in effect from 12/27/2018 through 12/27/2019 and is attached hereto as **Exhibit C**.

20. The policy names Diamond D. Transport as the named insured on the Declarations pages. The material provisions of the policies are as follows:

**SECTION I – COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of *bodily injury* or *property damage* to which this insurance applies. We will have the right and duty to defend the insured against any *suit* seeking those damages. However, we will have no duty to defend the insured against any *suit* seeking damages for *bodily injury* or *property damage* to which this insurance does not apply. We may at our

>discretion investigate any *occurrence* and settle any claim or *suit* that may result.\*\*\*
>
>**b.**  This insurance applies to *bodily injury* and *property damage* only if:
>
>>(1) The *bodily injury* or *property damage* is caused by an *occurrence* that takes place in the *coverage territory;*
>>
>>(2) The *bodily injury* or *property damage* occurs during the policy period\*\*\*

**2. Exclusions**

>This insurance does not apply to:\*\*\*
>
>**j.**   **Damage to Property**
>
>>*Property damage* to:\*\*\*
>>
>>(1)  Property you own, rent or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property.\*\*\*
>>
>>(4)  Personal property in the care, custody or control of the insured\*\*\*

**SECTION V – DEFINITIONS**\*\*\*

**13.**   "*Occurrence*" means an accident, including continuous and repeated exposure to substantially the same general harmful conditions.\*\*\*

**17.**   *"Property damage"* means:

>**a.**   Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
>**b.**   Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the *occurrence* that caused it.\*\*\*
>
>>\*\*\*\*

21.     There may be other material provisions in the policy and Acuity reserves the right to plead them in the future.

### Coverage Allegations

### Count I
### No Duty to Defend or Indemnify Diamond D. Transport
### with respect to the Underlying Lawsuit

22.     The First Amended Complaint alleges that Diamond D. Transport is liable for spoliation of evidence, having lost, discarded or destroyed the seat in which Mr. Anthony was seated at the time of the motor vehicle accident which caused the seat to bend or fail in some manner, thus contributing to his injuries, and that in spoliating that evidence, Diamond D. Transport has impaired Mr. Anthony's ability to sue the seat manufacturer.

23.     A claim for spoliation of evidence – that is, damage to a plaintiff's ability to prove a cause of action against a defendant – does not itself constitute a claim for "property damage" under Illinois law, because damage to a cause of action is not damage to "tangible property."

24.     Alternatively, even if the loss or destruction of the cab's seat itself is viewed as "property damage," the Acuity policy excludes coverage for "property damage" to property which Diamond D. Transport owns, which includes each part of the cab which Plaintiff operated at the time of the motor vehicle collision.

25.     There may be other bases on which Acuity can properly deny a defense and indemnity to Diamond Transport and Acuity reserves the right to plead them in the future.

WHEREFORE, the plaintiff, Acuity, a mutual insurance company, respectfully requests that this honorable court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 USC 2201 *et seq.*, finding and declaring that Acuity owes no duty to defend or indemnify the defendant, Diamond D. Transport, Inc., with respect to the First Amended Complaint filed against

it on behalf of Brian Scott Anthony, and for such other and further relief as the court shall deem just.

>Respectfully submitted,
>
>LINDSAY, PICKETT & POSTEL, LLC
>
>By:  /s/ *Timothy D. Crane*
>Bar Number: 6329572
>Attorney for Plaintiff ACUITY, a
>mutual insurance company

Joseph P. Postel (ARDC #6189515)
jpostel@lpplawfirm.com
312-800-6008
Timothy D. Crane (ARDC #6329572)
tcrane@lpplawfirm.com
(312) 786-5472
LINDSAY, PICKETT & POSTEL, LLC
200 W. Madison Street, Suite 3850
Chicago, IL 60606
Phone: (312) 629-0208
Fax: (312) 629-1404